# SUPREME JUDICIAL COURT

###### FOR THE

## COUNTY OF NORFOLK, NOVEMBER TERM 1858, AT DEDHAM.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. THERON METCALF,
Hon. GEORGE T. BIGELOW, } Justices.
Hon. BENJAMIN F. THOMAS,

---

## John J. Brown vs. George W. Thayer.

A bailee cannot defend himself from an action to recover money deposited with him, by showing that the bailment was fraudulent as against creditors of the bailor, and the fraud known to the plaintiff, without showing any attempt of such creditors to avail themselves of it.

ACTION of contract to recover the sum of $1977.43, deposited by Robinson & Co. of San Francisco in the Exchange Bank in Boston, of which the defendant was president.

At the trial before *Bigelow*, J., it appeared that on the 20th of March 1855 the defendant received a letter from one of the firm of Robinson & Co., enclosing their order for the funds, directing him to place them "to the credit and subject to the order of" the plaintiff, and stating that the reason for so doing, was to prevent attachment by creditors of Robinson & Co.,

who were in embarrassed circumstances; and that he, on receiv-
ing this letter and order, drew out the funds from the bank, for
the purpose of placing them to the plaintiff's credit, but declined
upon the plaintiff's demand to remit them to him or place them
to his credit without a bond of indemnity. " For the purpose of
settling the questions of fact arising in the case, it was submitted
to the jury upon the foregoing and other evidence, with direc-
tions to return a verdict for the defendant, if they found the
purpose of Robinson & Co. was to transfer said property to the
plaintiff, to prevent attachments and to conceal it from their
creditors, and the plaintiff had knowledge of such purpose, and
assented to said transfer, and now claimed to hold the funds in
order to carry out and effect that purpose, and there were cred-
itors of said Robinson & Co. who had never been paid, and
whom said Robinson & Co. intended to hinder, delay and
defraud by said transfer."

The jury returned a verdict for the defendant, and the ques-
tion of the correctness of this instruction was reserved for the
full court, and argued at October term 1857.

*W. Brigham,* for the plaintiff, cited *Fairbanks* v. *Blackington,*
9 Pick. 93; *Lamb* v. *Stone,* 11 Pick. 527; *Tenant* v. *Elliott,* 1
Bos. & Pul. 3; *Farmer* v. *Russell,* 1 Bos. & Pul. 296.

*P. W. Chandler & G. O. Shattuck,* for the defendant. The
purposed transfer of the fund being, as the jury have found,
fraudulent against creditors, the defendant was not bound to
assist in carrying it out; and as the contract, if any, to transfer
the funds, was executory, and the plaintiff knew it to be fraud-
ulent, the court will not lend its aid to enforce it. *Davis* v.
*Holding,* 1 M. & W. 159. *Leicester* v. *Rose,* 4 East, 372.
*Cockshott* v. *Bennett,* 2 T. R. 763. *Jackson* v. *Duchaire,* 3 T.
R. 551. *Smith* v. *Hubbs,* 1 Fairf. 71. *Nellis* v. *Clark,* 20 Wend.
24, and 4 Hill, 424. *Walker* v. *McConnico,* 10 Yerg. 228.

In *Fairbanks* v. *Blackington,* 9 Pick. 93, the plaintiffs had no
knowledge of the fraud, and that fact was relied on by the court,
Wilde, J. saying : " Whatever fraud there was in the original
transaction, it was between other parties, and in which the plain-
tiffs did not participate."

BIGELOW, J. The transfer to the plaintiff of the funds in the hands of the defendants, belonging to Robinson & Co., was valid as between the parties and could be avoided only by creditors of the firm. By the facts proved at the trial it does not appear that any of the creditors of the firm have either set aside such transfer as being fraudulent, or have taken any steps to accomplish that purpose. How far it can be avoided by them or in what mode they can avail themselves of their right to set it aside it is not necessary to determine as the proof now stands. · *Fairbanks* v. *Blackington*, 9 Pick. 93.

*New trial ordered.*

A new trial was had at February term 1859, before *Metcalf, J.*, and resulted in a verdict for the defendant under instructions of the judge. The plaintiff alleged exceptions, which were argued at Boston in November 1859, but before judgment thereon the case was settled by the parties.